**CARMEL GARGUILO**

vs.

**RALPH RASCATI**

Superior Court  New Haven County  File #44723

Present:  Hon. FREDERICK M. PEASLEY, Judge.

Edward S. Snyder,  Attorney for the Plaintiff.

Arthur Klein,  Attorney for the Defendant.

**MEMORANDUM FILED MARCH 28, 1935.**

PEASLEY, J. This is an action for the recovery of damages caused by the falling of plaster over a landing on a stairway in the tenement house in which the plaintiff lived with her parents and of which the defendant was the landlord.

The two outstanding figures in this case were the plaintiff's mother and the plaintiff's mother's sister, both of whom insisted upon telling their own stories regardless of any questions that were asked of them either on direct or on cross examination.

The plaintiff claimed to have been struck by some falling plaster as she ascended a stairway used in common with other tenants, and to have been seriously injured. Shortly before the alleged injury a notice to quit had been served on the parents of the plaintiff for failure to pay their rent. The sister of the plaintiff's mother related to the jury how her sister, the plaintiff's mother, came to her after the notice to quit had been served and told her of it and told her that she was planning to do a job on the landlord by which he would lose the property. This aunt of the plaintiff also testified that some-

time after this the plaintiff's mother again came to her and told her that she had done a job on the landlord; that she had with a broomstick caused the plaster to fall; that she had rubbed some of it in her daughter's hair and put the daughter to bed, and that she had engaged a lawyer and a doctor and that the landlord was going to lose his property.

It appeared in evidence that there were several boards of the floor directly over the place from which the plaster fell had been removed and some of the lath appeared to be broken as though pressure had been applied from above.

The landlord, who had a store on the first floor of this building, was not informed by the plaintiff or her mother or anyone else that the plaintiff had been injured by this falling plaster, nor did he learn of it until about two weeks after the alleged occurrence, when he received a letter from Attorney Synder claiming damages for the plaintiff's injury. Attorney Snyder was at the scene of the alleged injury very shortly after it is alleged to have occurred.

The jury having observed the plaintiff's mother, having observed the woebegone, ashen-faced towseled-hair, dejected plaintiff upon the stand dressed in dark clothing at the time she testified, and having observed her on a subsequent day when she was not expecting to be called to the witness stand, dressed in bright colors with her hair done up and her cheeks and lips duly colored, could readily have come to the conclusion that her make-up on the day of the trial was for the purpose of impressing her washed-out and dejected appearance upon the jury, and that her subsequent appearance was her more normal and usual appearance.

From the unexplained failure on the part of the plaintiff's parents or the plaintiff's lawyer to more seasonably inform the defendant of what they claimed to have occurred, the jury could very well have drawn the conclusion that "the job" that the plaintiff's mother had described to the plaintiff's aunt was in full operation.

The jury could very well, having found that the plaintiff had utterly failed to establish by any preponderance of the evidence that any failure on the part of the landlord to exercise the care required by law of him had resulted in any injury whatever to the plaintiff.

The case had all the ear marks of a trumped up and groundless claim and the verdict rendered by the jury was the only proper verdict that could have been rendered. The motion is, therefore, denied.